IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OCTAVIUS DONNELL WILLIAMS, #49841-177, PLAINTIFF, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:21-CV-1113-B-BK |
| UNITED STATES OF AMERICA, DEFENDANT. | § § § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. For the reasons that follow, this action should be **DISMISSED WITHOUT PREJUDICE**.

On June 18, 2021, Plaintiff filed an amended complaint and, on September 29, 2021, paid the $402.00 filing fee. Doc. 6; Doc. 9. On October 5, 2021, the Court issued an order advising Plaintiff that preliminary screening had concluded and placing him on notice of his responsibility to seek issuance of summons and service of process under Rule 4(m) of the Federal Rules of Civil Procedure within 90 days of the date of the order, and warning him that failure to do so could result in dismissal of the case. Doc. 11. On October 18, 2021, the Clerk of the Court issued the requested summons. Doc. 13. But Plaintiff failed to filed proof of service. Thus, on January 31, 2022, the Court issued a second order notifying Plaintiff that his case would be dismissed under Rule 4(m) unless he completed service of process on Defendant or demonstrated

good cause for his failure to do so by February 14, 2022.  Doc. 14.  As of this date, however, Plaintiff has done neither.

Accordingly, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to properly serve Defendant.  *See* FED. R. CIV. P. 4(m).

**SO RECOMMENDED** on February 22, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).